UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

STEPHEN LUDWIG VANDER HOFF,

Debtor.

_____/

Case No. DK 21-01002
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

## I. INTRODUCTION

GreenStone Farm Credit Services FLCA and GreenStone Farm Credit ACA (collectively "GreenStone") filed its motion for relief from the automatic stay (ECF No. 26, the "Motion") soon after its borrower, Stephen Vander Hoff (the "Debtor"), filed for relief under chapter 13. Because the court had previously dismissed the Debtor's chapter 12 case for cause, including bad faith, and given Greenstone's colorable suggestion of bad faith in the pending case, the court expedited its consideration of the Motion. The Debtor, now *pro se*, filed a response to the Motion, and the court held a preliminary hearing under LBR 4001-1(c)(1) using the Zoom.gov application on May 27, 2021. GreenStone, chapter 13 trustee Barbara P. Foley (the "Trustee"), and the United States Trustee appeared through counsel; the Debtor, though unrepresented, also appeared.

For the following reasons, the court will grant the Motion.

## II. JURISDICTION

The United States District Court for the Western District of Michigan has jurisdiction over the Debtor's chapter 13 case and has referred the case to the United States

Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and W.D. Mich. LGenR. 3.1(a). The Motion is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G). The court has authority to enter a final order subject to appellate review under 28 U.S.C. § 158(a).

### III. ANALYSIS

GreenStone contends that the Debtor owes in excess of $887,642.95 as evidenced by six promissory notes from 2015 and 2016 executed in connection with the Debtor's financing of his former dairy cattle operation and the final judgment of the Hillsdale County Circuit Court dated Feb. 25, 2021. *See* Motion at Exhs. A-H. The main remaining collateral securing this debt is the Debtor's home and 40 acres, in which GreenStone has a mortgage in third-position. According to the Debtor's Schedule A/B and statement at the hearing, the real estate is worth $400,000.00, although GreenStone refers to a 2019 appraisal pegging the value at $425,000.00. The prior mortgages, according to account statements attached to the Motion as Exhibits L and M, secure debts in favor of Fay Servicing and PNC Bank, in the amounts of $232,759.83 and $47,325.62 respectively. Adding GreenStone's $887,642.95 in mortgage debt as established in the Hillsdale County judgment, it plainly appears that the Debtor lacks any equity in the property. There is no meaningful controversy regarding these facts.

Similarly, uncontested is the fact that the Debtor is unemployed, taking in $160.00 per week from regular state unemployment funds plus an additional $300.00 "because of the COVID," for a total of $460.00 per week. *See* Motion at Exh. N (transcript of creditor's examination April 2, 2021). At the April 2, 2021 creditor's examination, the Debtor testified that he is not paying the mortgages, not paying the insurance, and not paying the taxes on the home. At the hearing, however, he contradicted these statements by stating

his belief that the first lender is covering taxes and insurance (presumably to protect itself, rather than junior lienholders).  He also confirmed that he recently sent a payment of approximately $2,500.00 to the Trustee.  GreenStone did not contest the fact of this payment.

Nor is the timing of the Debtor's chapter 13 petition in dispute -- he filed it just before a hearing in the Hillsdale County Circuit Court at which GreenStone intended to persuade the court to appoint a receiver to sell the property and satisfy the three mortgages. The Debtor's chapter 13 case comes about six months after dismissal of his chapter 12 case as a bad faith filing.

The court takes judicial notice of its docket, which shows that the Trustee has filed a motion to dismiss, alleging several deficiencies in the case, some of which may be attributed to the Debtor's *pro se* status but others, perhaps not.  The Trustee is seeking dismissal with a bar to refiling for 180 days under 11 U.S.C. § 109(g) because she also regards the current petition as a bad faith filing.

GreenStone, as the moving party, must bear "the initial burden of establishing a *prima facie* case" for modifying the automatic stay that would otherwise presumptively apply.  *See In re Spencer*, 568 B.R. 278, 280 (Bankr. W.D. Mich. 2017) (citing *In re Holly's, Inc.*, 140 B.R. 643, 683 (Bankr. W.D. Mich. 1992)).  After a moving party makes the initial showing, a debtor, trustee, or other party-in-interest may rebut the moving party's *prima facie* case.  The Bankruptcy Code assigns to the moving party the burden of proof on the question of the debtor's equity in the property at issue (generally for motions premised on § 362(d)(2)) but parties opposing relief from the automatic stay must shoulder the burden of proof on all other issues.  11 U.S.C. § 362(g).  With respect to motions under

11 U.S.C. § 362(d)(2), "[o]nce the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization.'" *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375 (1988).

Here, GreenStone seeks relief from stay under 11 U.S.C. § 362(d)(1) for "cause" given serious doubts about the unemployed Debtor's good faith and ability to service debts exceeding $1,000,000.00, and under § 362(d)(2) because, in its view, the Debtor lacks equity in the property and the property is not necessary to an effective reorganization.

At a preliminary hearing on a motion for relief from stay, the court must ascertain "(A) whether material, disputed issues of fact exist, and (B) whether there is a reasonable likelihood that the party opposing the relief will prevail," based solely on the parties' arguments. LBR 4001-1(c)(1). Because stay relief motions must proceed in a summary fashion under the statute, the court's task at the preliminary hearing is akin to its role in deciding a motion for summary judgment under Fed. R. Civ. P. 56. *Cf. In re Wilson-Fields*, Case No. DK 15-00863, 2015 WL 1294137, at *3 (Bankr. W.D. Mich. Mar. 21, 2015) (decisions under 11 U.S.C. § 362 are "made in the summary fashion" by design and generally lack issue-preclusive effect).

Applying the *Holly's* and *Timbers of Inwood Forest* framework, the court finds that GreenStone has set forth a *prima facie* case for stay relief. The timing of the Debtor's filing just before the receivership hearing, the history of uncooperative conduct catalogued in the prior proceeding and evidently continuing in the current one, the substantial doubts about the unemployed Debtor's "regular income" and eligibility for relief under chapter 13, and the absence of any equity in the home (given mortgages in favor of Fay Servicing,

PNC Bank, and GreenStone) certainly shifts the burden to the Debtor under § 362(g).  At the hearing, however, the Debtor was unable to satisfy his burden.  For the most part, his case consisted of blaming GreenStone's loan officers for the manner in which they liquidated their collateral and otherwise addressed the Debtor's defaults.

Even after hearing from him, the court remains doubtful about his ability to confirm, let alone perform under, a chapter 13 plan.  His reliance on the income of his girlfriend (and mother of his child) is not *per se* unreasonable, *see In re Hager*, 577 B.R. 286 (Bankr. W.D. Mich. 2017), but without an indication from Ms. Mauk regarding her willingness and ability to support the Debtor's plan payments, the court discounts this aspect of the Debtor's case.  The court has no jurisdiction over Ms. Mauk.  Also, GreenStone's point that her income is already subject to garnishment, based on the lender's judgment against her as a transferee of the Debtor's fraudulent transfers, has not escaped the court's notice.

Although the court agrees that curing arrears on a home loan is a proper aim of "an effective reorganization" in many consumer cases, the reorganization must be one "in prospect," says the Supreme Court.  *Timbers of Inwood Forest Assocs.*, 484 U.S. at 375-76.  The prospects for an effective reorganization are too dim in this case to conclude that the Debtor has shouldered his burden under 11 U.S.C. § 362(g), given GreenStone's substantial and essentially uncontested showing at the preliminary hearing.

## IV.  CONCLUSION AND ORDER

When the court dismissed the Debtor's chapter 12 case last October based on his misconduct, it left open the possibility he could later seek relief under title 11 if he were willing to "play it straight with his creditors and the court."  *See* Memorandum of Decision

and Order dated Oct. 1, 2020 (ECF No. 140 in Case No. 19-02977). The court is not persuaded that he is dealing squarely with creditors or earnestly seeking bankruptcy relief, as much as he is seeking further delay without the prospect of a reorganization. Although he may continue to blame GreenStone for the manner in which it managed his debt and the collateral after he defaulted, the Hillsdale County Circuit Court's judgment apparently rejected that claim three months ago by awarding GreenStone $887,642.95. The bankruptcy court has no authority to review a state court's final judgment, so the court rejects the Debtor's main "lender liability" argument against modifying the automatic stay.

Accordingly, the court is not convinced that the Debtor filed this case in a good faith effort to reorganize, finds no meaningful reorganization in prospect, and therefore finds ample reason to grant GreenStone's Motion. Because the Debtor has opposed the Motion, however, the court will not waive the 14 day stay that usually applies to orders modifying the automatic stay under Rule 4001(a)(3).

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.     The Motion is GRANTED; and

2.     Any further stay of proceedings is hereby terminated as to the Debtor, property of the Debtor, and property of the estate securing GreenStone's claim so that GreenStone may pursue its rights and remedies in state court and under applicable non-bankruptcy law.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the

Debtor, the United States Trustee (by first class U.S. Mail), John Polderman, Esq.,

Barbara P. Foley, Esq., and all entities listed on the mailing matrix for this matter.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 27, 2021**



Scott W. Dales
United States Bankruptcy Judge